UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                          :

CYNTHIA CUMMINGS, CAROLYN COX, :
CHERYL WATKINS, GINA RUSCH, :
ANDRE LAKE, CYNTHIA MCCRIGHT, :
and KIMBERLY BERRY, as Trustees of : **MEMORANDUM**
DISTRICT COUNCIL 1707, LOCAL 95 : **DECISION AND ORDER**
HEAD START EMPLOYEES WELFARE :
FUND, : CV-17-3907 (BMC)
                                          :
                    Plaintiffs, :
                                          :
          - against - :
                                            :
HCHC, INC. D/B/A ACE INTEGRATION :
HEAD START, :

                    Defendant.

---------------------------------------------------------- X

**COGAN**, District Judge.

      Before me is plaintiffs' motion for default judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

      Plaintiffs are fiduciaries of District Council 1707, Local 95 Head Start Employees Welfare Fund (the "Fund"), an employee benefit welfare plan and a multiemployer plan. Plaintiffs brought this action against defendant HCHC, Inc. d/b/a Ace Integration Head Start for relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to collect other sums due to the Fund pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

Plaintiffs commenced this action by filing a Complaint and Summons on June 29, 2017, and served the defendant with a copy on July 11, 2017. Plaintiff filed proof of service with the Court on July 18, 2017. Defendant has not answered or otherwise appeared in this action, and the time to do so has expired. On August 9, 2017, the Clerk of the Court entered default against the defendant pursuant to Fed. R. Civ. P. 55.

## **DISCUSSION**

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence…the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Plaintiffs' counsel submitted an Affidavit in Support of this motion for Default Judgment. That affidavit exhibits copies of the collective bargaining agreement; the trust agreement; an audit report; documentation supporting plaintiffs' request for costs and attorney's fees; and a statement summarizing the amounts due to plaintiffs. These submissions are sufficient evidence

to form the basis for an award of damages. The damages for the categories provided in §1132(g)(2) of ERISA as follows:

- (a) $75,994.73 in unpaid contributions for the period April 1, 2014 through June 30, 2016;
- (b) $17,401.44[1] in interest on the late-paid and unpaid contributions due;
- (c) $15,198.95 in liquidated damages on the unpaid contributions;
- (d) $2,931.25[2] in attorney's fees for the prosecution of this action; and
- (e) Costs of $490 in disbursements and $4,545 in auditing fees.

Plaintiffs' requested attorney's fees are reasonable considering the nature of this case and the time expended.

## **CONCLUSION**

The motion for a default judgment is granted. The Clerk is directed to enter judgment in favor of plaintiffs in the amount of $116,561.37.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 19, 2017

U.S.D.J.

---

[1] Plaintiffs state that additional interest continues to accrue from August 25, 2017 to the date of entry of judgment at the per diem rate of $14.01 per day.

[2] Plaintiffs state in their affidavit that attorney's fees amount to $2,931.25. Their attorney billing statement, annexed to their affidavit as Exhibit F, repeats this figure. Their Statement of Damages, annexed to their affidavit as Exhibit E, states that attorney's fees amount to $2,531.25. However, the Statement of Damages adds together attorney's fees and costs ($490), and records a total of $3,421.25, suggesting that the figure of $2,531.25 is an error.